IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL R. CUNNINGHAM II,

              **Plaintiff,**

      v.                                      CASE NO. 19-3115-SAC

**CURTIS HALL,**

              **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Michael R. Cunningham II, currently a prisoner at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*.

### Nature of the Matter before the Court

Plaintiff's complaint (ECF No. 1) alleges he was subjected to cruel and unusual punishment while an inmate at the Franklin County Detention Center (FCDC) because he was deprived of regular outdoor exercise. Plaintiff was remanded to the custody of FCDC on January 4, 2019, after his arrest, and was confined there until he was transferred to EDCF on May 9, 2019. He alleges he was allowed outside recreation two (2) times in that period. Plaintiff states he suffered mental and physical stress as a result.

Plaintiff names as defendant Lieutenant Curtis Hall. He claims violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. Plaintiff seeks compensatory damages totaling $50,000.

1

**Procedural Status**

In this case, the defendant has filed a motion to dismiss for failure to state a claim (ECF No. 7) and memorandum in support (ECF No. 8) without being served. Plaintiff has responded (ECF No. 9, 10, 11, and 12), and the defendant has filed a reply to Plaintiff's response (ECF No. 13). Normally, the Court would have screened the case under 28 U.S.C. § 1915A(a) and, in this case, issued an order directing the plaintiff to show cause why the complaint should not be dismissed. If Plaintiff filed a response, the Court would have considered that response and either ordered the defendant to be served or dismissed the complaint. However, because Defendant voluntarily entered an appearance and filed a motion to dismiss, and because Plaintiff has responded to that motion, the Court takes up the motion.

**Motion to Dismiss**

Defendant Hall argues the complaint should be dismissed because the conditions Plaintiff alleges do not constitute a constitutional violation. Defendant further argues Plaintiff did not allege his personal participation as required to state a claim against him under §1983, and he is entitled to qualified immunity.

**Plaintiff's Responses to the Motion**

Plaintiff has filed four pleadings responding to the motion to dismiss. In his Response to Defendant's Memorandum in Support of Defendant's Motion to Dismiss (ECF No. 9), Plaintiff argues prolonged denial of outdoor exercise could constitute cruel and unusual punishment, citing a Ninth Circuit case from 1979 and a Seventh Circuit case from 1985. In a pleading titled "Notice to the Courts" (ECF No. 10), Plaintiff ably disputes Defendant's characterization of the opinion in *Ajaj v. United States*, 293 F. App'x, 575 (10th Cir. 2008). In a pleading titled "Motion to Show Good Cause" (ECF No. 11), Mr. Cunningham states he was in solitary confinement to ensure his

safety for three out of the four months at issue, and again argues prisoners are entitled to some out-of-cell exercise, citing a Seventh Circuit case. He also complains about Defendant ignoring his grievances related to this issue. Finally, in a pleading titled "Motion to Show Good Cause (No. 2)" (ECF No. 12), Plaintiff further complains of Defendant's responses to his grievances, this time in relation to two of Plaintiff's other lawsuits pending in this Court. He argues this Defendant's conduct demonstrates his deliberate indifference to Plaintiff's well-being.

## Legal Standards

**Rule 12(b)(6)**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When applying this standard, a court must accept as true all well-pleaded factual allegations and then ask whether those facts state a plausible claim for relief. *See id.* at 679. Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

**Qualified Immunity**

Qualified immunity protects public officials who are required to exercise their discretion, shielding them from personal liability for civil damages. *Apodaca v. Raemisch*, 864 F.3d 1071,

1075-76 (10th Cir. 2017) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)). When a defendant asserts a qualified immunity defense, the plaintiff has a "heavy two-part burden" of establishing "(1) that the defendant's action violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions." *Grissom v. Roberts*, 902 F.3d 1162, 1167 (10th Cir. 2018) (internal quotation marks omitted). Failure to satisfy either prong of this test will result in a grant of qualified immunity to the defendant. *Id.* In other words, if the right is not clearly established, a court may find qualified immunity without deciding the constitutionality of the conduct. *Apodaca,* 864 F.3d at 1076 (citing *Pearson v. Callahan*, 555 U.S. 223, 236–42 (2009))*.*

Qualified immunity defenses are typically resolved at the summary judgment stage. However, district courts may grant motions to dismiss on the basis of qualified immunity. *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). "Asserting a qualified immunity defense via a Rule 12(b)(6) motion, however, subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Peterson v. Jensen,* 371 F.3d 1199, 1201 (10th Cir. 2004); *see also Behrens v. Pelletier,* 516 U.S. 299, 309 (1996) ("At [the motion to dismiss] stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.' On summary judgment, however, the plaintiff can no longer rest on the pleadings, and the court looks to the evidence before it (in the light most favorable to the plaintiff) when conducting the [qualified immunity] inquiry." (citations omitted) (emphasis in original)).

Whether a right is "clearly established" is an objective test: "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Stearns v. Clarkson,* 615 F.3d 1278, 1282

(10th Cir. 2010)). "In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id.*.

## Discussion

**Eighth Amendment**

Mr. Cunningham claims his Eighth Amendment rights were violated by the "prolonged denial of outdoor exercise." ECF No. 1 at 3. He states that from January 4, 2019, to May 9, 2019, or 125 days, he was allowed outdoor exercise only twice. *Id.* at 4. He does not specify whether he was allowed indoor exercise during this period.

In order to state a claim of cruel and unusual punishment under the Eighth Amendment, Mr. Cunningham has to "make two plausible allegations: (1) the conditions were "'sufficiently serious' to implicate constitutional protection and (2) [Defendant Hall] acted with 'deliberate indifference' to [the plaintiff's] health," meaning he knew of and disregarded an excessive risk to Plaintiff's health or safety. *Apodaca*, 864 F.3d at 1077 (quotations omitted); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).

The Tenth Circuit has identified four conclusions "on the constitutionality of denying outdoor exercise to inmates": (1) "[t]he denial of outdoor exercise could violate the Eighth Amendment under certain circumstances"; (2) "[t]he denial of outdoor exercise does not create a per se violation of the Eighth Amendment"; (3) "[r]estricting outdoor exercise to one hour per week does not violate the Eighth Amendment"; and (4) "[t]he denial of outdoor exercise for three years could arguably involve deliberate indifference to an inmate's health under the Eighth Amendment." *Lowe v. Raemisch*, 864 F.3d 1205, 1209-09 (10th Cir. 2017), *cert denied*, 139 S. Ct. 5 (2018*).* In the absence of a per se violation, courts must examine the totality of the

circumstances. *Apodaca*, 864 F.3d at 1077 (citing *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 810 n.8 (10th Cir. 1999)). These circumstances include the length of the deprivation. *Apodaca*, 864 F.3d at 1077 (citing *see DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (stating that the length of time that an inmate is exposed to the conditions "is often of prime importance" under the Eighth Amendment); *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (stating that the inquiry under the Eighth Amendment turns in part on the duration of the deprivation)).

Here, Plaintiff alleges a partial denial of outdoor exercise for four months. For three out of the four months, Plaintiff was in segregation, at his own request and for his own safety, and thus presumably could not be allowed outdoor exercise at the same time as other inmates. Given the totality of the circumstances, the Court questions whether the alleged deprivation was sufficiently serious to amount to cruel and unusual punishment under the Eighth Amendment. However, the Court does not need to decide the constitutionality of the alleged deprivation because the right was not clearly established. *See Apodaca,* 864 F.3d at 1076.

**Qualified Immunity**

Even if a four-month partial denial of outdoor exercise were an Eighth Amendment violation, Plaintiff's complaint must be dismissed because the defendant is entitled to qualified immunity as the underlying constitutional right was not clearly established.

The Tenth Circuit has recently decided two cases involving Eighth Amendment claims based on the denial of outdoor exercise. *See Apodaca v. Raemisch*, 864 F.3d 1071 (10th Cir. 2017), *cert denied*, 139 S. Ct. 5 (2018); *Lowe v. Raemisch*, 864 F.3d 1205 (10th Cir. 2017), *cert denied*, 139 S. Ct. 5 (2018). In *Lowe*, the plaintiff asserted that the defendants violated his Eighth Amendment rights by depriving him of all outdoor exercise for a period of two years and one month. *See Lowe,* 864 F.3d at 1208-09. In *Apodaca*, the plaintiff asserted a claim based on the

denial of outdoor exercise for eleven months. *See Apodaca,* 864 F.3d at 1074. In both cases, the Tenth Circuit held that the defendants were entitled to qualified immunity because the plaintiffs' Eighth Amendment rights were not clearly established under existing precedent. *See Apodaca*, 864 F.3d at 1078-79; *Lowe*, 864 F.3d at 1208-10.

The court reasoned in *Lowe* that existing Tenth Circuit case law on the constitutionality of denying outdoor exercise to prisoners "permit[ted] reasonable debate on the constitutionality of disallowing outdoor exercise for two years and one month" and further noted that the Tenth Circuit had not defined the precise circumstances under which the denial of outdoor exercise would violate the Constitution. *Lowe*, 864 F.3d at 1209. Likewise, in *Apocada*, the court found the ambiguity of existing case law "means that our circuit has not clearly established a right to outdoor exercise over an eleven-month period." *Apodaca*, 864 F.3d at 1079.

The deprivation alleged in this case is not distinguishable from the constitutional violations asserted in *Lowe* and *Apodaca,* other than it involves a much shorter period of time (4 months as opposed to 11 months or 2 years) and thus is even less likely to constitute cruel and unusual punishment. Further, the ambiguity in the law has not been resolved. Accordingly, for the reasons discussed in those cases, the Court finds that the partial denial of outdoor exercise for four months did not violate Plaintiff's clearly established rights under the Eighth Amendment. *See Moore v. Little*, No. 16-CV-00198-PAB-STV, 2019 WL 295673, at *7 (D. Colo. Jan. 23, 2019). Therefore, Defendant Hall is entitled to qualified immunity.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 7) is **granted**. The complaint is dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Show Good Cause (ECF No. 11) and Motion to Show Good Cause (No. 2) (ECF No. 12) are **denied**.

7

**IT IS SO ORDERED.**

**DATED: This 27th day of August, 2019, at Topeka, Kansas.**

            **s/ Sam A. Crow**
            **SAM A. CROW**
            **U.S. Senior District Judge**